## 𝕽𝔦𝔠𝔥𝔪𝔬𝔫𝔡

JAMES MICHAEL BRENNAN, AN INFANT V. JACK C. KAYLOR, ANCILLARY ADMINISTRATOR OF THE ESTATE OF RICHARD A. KAYLOR, DECEASED.

JAMES MICHAEL BRENNAN, AN INFANT V. LACY H. ANDERSON, ANCILLARY ADMINISTRATOR OF THE ESTATE OF LOGAL A. STEWART, DECEASED.

JAMES MICHAEL BRENNAN, AN INFANT V. PEARL STAUB, ADMINISTRATRIX OF THE ESTATE OF JOE DAN STAUB, DECEASED.

JAMES MICHAEL BRENNAN, AN INFANT V. RUSSELL J. STAUB, AN INFANT, WHO SUES BY HIS MOTHER AND NEXT FRIEND, PEARL STAUB.

JAMES MICHAEL BRENNAN, AN INFANT V. JOHN C. STAUB AND PEARL STAUB.

June 12, 1972.

Record Nos. 7822, 7823, 7824, 7825 and 7826.

Present, I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*J. Sloan Kuykendall* (*Kuykendall, Hall and Whiting*, on brief), for plaintiff in error in Record Nos. 7822, 7823, 7824, 7825 and 7826.

*E. Eugene Gunter; Kermit L. Racey*, for defendants in error in Record Nos. 7822, 7823, 7824, 7825 and 7826.

Per Curiam.

In these five gross negligence cases, which were consolidated for trial, the jury returned verdicts in favor of the plaintiffs against the defendant, James Michael Brennan, as follows:

Estate of Richard A. Kaylor, deceased, $5,857.69 (for wrongful death); estate of Logal A. Stewart, deceased, $5,800.90 (for wrongful death); estate of Joe Dan Staub, deceased, $1,000.00 (for personal injuries); Russell J. Staub, $5,000 (for personal injuries); and John C. Staub and Pearl Staub, $8,124.09 (for medical expenses).

The trial court entered final judgments on the verdicts, and we granted writs of error. The sole question to be decided is whether the evidence was sufficient to show that the defendant was grossly negligent.

The accident occurred between 12:30 and 1:00 a.m. on February 25, 1968, on U.S. Route 50, a two-lane highway, near Gore in Frederick County. The speed limit at the scene was 55 m.p.h., but a highway marker indicated a safe speed of 50 m.p.h.

The defendant was operating a Cadillac convertible, and the two Staub brothers, Kaylor, and Stewart were his passengers. The vehicle was proceeding in an easterly direction. It descended a grade, ran off the right-hand side of the road at a point where the highway curved to the left, went over a 20-foot embankment, passed through and tore down 75 feet of a woven wire fence, and came to rest in a field 330 feet from the point where it had left the highway. The vehicle was demolished.

Kaylor and Stewart were found 50 feet beyond the vehicle, both dead. Joe Dan Staub and Russell J. Staub were injured. Joe Dan Staub died later from unrelated causes.

At trial, Russell Staub was called as a witness by the plaintiffs, but he stated that he was asleep at the time of the accident and knew nothing about how it happened. The investigating state trooper also testified, but beyond detailing the physical facts he had found, the only thing he added was that he had interviewed the defendant shortly after the accident. At that time, the trooper observed that the defendant was alert and apparently free from pain. In the interview, the defendant told the trooper that the speed of his vehicle at the time of the accident was 50 or 55 m.p.h.

The defendant was called as an adverse witness by the plaintiffs, but he was not asked how the accident happened. All that was

brought out from him was that the mechanical condition of his car was good and that he was not aware of any defects in the highway.

The defendant contends that the evidence was insufficient to establish gross negligence on his part. The plaintiffs contend, of course, that the evidence was sufficient. They argue that since the defendant claimed no physical disability and conceded that his vehicle was in good mechanical condition and the highway was free from defect, the evidence negated "all external factors which might have caused the accident" and eliminated "all possibilities other than the driver's error." This, say the plaintiffs, coupled with the defendant's failure "to take the stand and explain *how and why* the accident happened," created a reasonable inference that the defendant was guilty of gross negligence.

We cannot accept the proposition advanced by the plaintiffs. The burden was upon them, not the defendant, to show *"how and why"* the accident happened. This they did not do. All they proved was that the vehicle ran off the road and crashed. They did not show what caused the vehicle to leave the highway, let alone that the accident occurred as the result of some grossly negligent act of the defendant. So we reverse and enter final judgment for the defendant in each case.

*Reversed and final judgment.*